### No. 663
### ODELL v. FIRESTONE
Ohio Appeals, Ninth District, Summit County
No. 43.   May 14, 1923

**257. MORTGAGES.**
Foreclosure—Dormancy of decree of.

FUNK, P. J.
Epitomized Opinion

Action by plaintiff to enjoin defendant Firestone from proceeding under a judgment and order of sale to sell land. In 1887 Firestone as plaintiff in an action in Common Pleas obtained a judgment on a note and a decree of foreclosure on a mortgage, against Benejah. In 1898 the judgment, which had become dormant, was revived. Executions were issued in 1903 and 1908 and returned unsatisfied. The judgment again became dormant on January 21, 1913. On January 23, 1913, Benejah and his wife conveyed the land in question to plaintiff, reserving to themselves a life estate, and continued to reside on the land until 1921 when Benejah's wife died. Immediately thereafter Firestone caused an order of sale to issue on the original decree and the land was advertised for sale. Plaintff then brought this action. Question: The judgment having become dormant, does the remainder of the entry known as the decree of foreclosure also become dormant so that an order of sale cannot issue. He'd:

There is a clear distinction between a judgment on which an execution may issue and a decree of foreclosure with an order of sale. 11663 GC. applies only to a money judgment and not to an order of sale. Petition of plaintiff dismissed.

Attorneys—F. F. Woods and Fritz Rudin, for plaintiff; Frank Heath, for defendant.

### No. 667
### KEMPLE v. FARINA
Ohio Appeals, Ninth District, Summit County
No. 629.   May 16, 1923

**268. NEGLIGENCE.**
Liability of parent for act of (280) child.

WASHBURN, J.
Epitomized Opinion

Kemple owned an automobile which he permitted his fourteen-year-old son to drive occasionally in his presence in the country only. In Kemple's absence his wife caused the son to drive her to a dressmaker's in the city. Returning the son drove by a standing street car and struck plaintiff who was alighting therefrom. In the court below plaintiff

recovered a verdict and judgment for $1,000. Kemple brings error proceedings to this court. Held:

Kemple could be held for the act of his son only if he himself were negligent in placing a dangerous instrumentality in his son's hands, or if his son were acting as his agent in the execution of his orders. The jury, in answer to an interrogatory, found that the son was acting as the agent of his father in execution of his father's orders. The verdict is manifestly against the weight of the evidence. Judgment reversed and cause remanded.

Attorneys—Musser, Kimber & Huffman, for Kemple; Sheck, Larmer, Stevens & Hadley and W. L. DeLeone, for Plaintiff.

### No. 668
### PAYERLE v. YATES
Ohio Appeals, Ninth District, Summit County
No. 656.   May 31, 1923

**28. APPEAL.**
(1) Error for court to instruct jury (82) as to question of fact—(2) Error (166) not prejudicial if substantial justice is done.

PER CURIAM
Epitomized Opinion

In the trial of this case the question became material as to whether or not Payerle , : at the time of the making of a certain contract. The court instructed the jury that it might find that Payerle was a minor since no evidence was adduced to indicate otherwise and the jury did so find. Error is prosecuted on the ground that this instruction was improper.

Held by the Court of Appeals in affirming the judgment of the Common Pleas:

1. It is a function of the jury to determine questions of fact and it is error for the court to determine such questions and to instruct the jury accordingly.

2. If the error committed is not prejudicial to the rights of one of the parties it will not constitute grounds for reversal.

Attorneys—Mottinger & Evans, for Payerle; Lee J. Myers, for Yates.

### No. 669
### SIMPSON v. SCHOFIELD
Ohio Appeals, Sixth District, Mahoning County
Decided March 23 1923

**368. TRUSTS.**
Presumption of gift (199) rather than of resulting trust.

POLLOCK, J.
Epitomized Opinion

Simpson, having $9,000 coming to him through his attorneys, directed the money to be paid to his wife. Later with $5,000 of it his wife purchased real estate in her name. On her death she left a will giving Simpson a life interest in the real estate with remainder to her two children. Simpson brings this action to obtain a decree that his wife held the property in trust for him. The case comes to this court on appeal. Held:

Even assuming that the money which was used to purchase the real estate belonged to Simpson, there is no evidence to show an intention that his wife should hold the property in trust for him or that she bought the property fraudulently. Because of the marital relation existing between Simpson and his wife a presumption arises that the placing of title in the wife's name was intended as a gift or advancement to her. Judgment in favor of defendant guardian of the two children.

Attorneys—J. B. Morgan for Simpson; Craver, Dister, Huey & Starrs, contra.